IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAREESE YVONNE FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-1168 |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 29th day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).¹

---

¹  Plaintiff raises just one argument as to why she believes that the Administrative Law Judge ("ALJ") erred in finding her not disabled.   She contends that the ALJ erred, and that her case must be remanded, because there exists an unresolved conflict between her residual functional capacity ("RFC") and the vocational expert ("VE")'s testimony regarding available jobs that meet her RFC.   Specifically, Plaintiff's position is that the ALJ limited her, *inter alia*, to jobs requiring "unskilled low stress work at the SVP 1 or 2 with 1 or 2 step instructions."   (R. 19).   She posits that the jobs the VE found someone with her RFC could perform – produce packager (DOT # 920.687-134), floor waxer (DOT # 381.687-034), and hand packer (DOT # 920.587-018) – require more than one-or-two step instructions pursuant to the Dictionary of Occupational Titles ("DOT") and therefore present an obvious conflict.   Since there was no explanation for this purported conflict in the ALJ's opinion, Plaintiff states this Court should remand. While novel, the Court finds Plaintiff's argument to be without merit.

As an initial matter, the Court notes that Plaintiff is not arguing that the jobs of produce packager, floor waxer, and hand packer are inconsistent with a limitation to one-to-two step tasks based on their DOT reasoning level.   In brief, jobs in the DOT are assigned, among other qualifications, a General Educational Development level, which includes a reasoning level from 1 to 6.   The jobs of produce packager and hand packer have reasoning levels of 2 – requiring application of "commonsense understanding to carry out detailed but uninvolved written or oral instructions" and dealing with "problems involving a few concrete variables in or from standardized situations."   The question of whether a limitation to one-to-two step tasks necessarily conflicts with a reasoning level of 2 is a somewhat murky one.   *Compare Guinn v. Colvin*, No. 14-1416-LPS, 2016 WL 1117395, at *7 (D. Del. Mar. 21, 2016); *Thompson v. Astrue*, No. 07-2989, 2009 WL 7007996, at *12 (E.D. Pa. Jan. 31, 2009) (collecting cases), *adopted by* 2010 WL 4159154 (E.D. Pa. Oct. 22, 2010) (noting "[t]he ALJ's inclusion of the words 'one-to two-step tasks' in [his] RFC limitations did not limit Plaintiff to jobs with a reasoning level of 1" and that "[c]ourts in other districts have held that these words are not inconsistent with a reasoning level of 2") *with Horos v. Kijakazi*, No. 3:21-CV-01803, 2023 WL 2742754, at *4 (M.D. Pa. Mar. 31, 2023) (collecting different cases) (noting that "[c]ourts—including this one—have found that a limitation to one- to two-step tasks is consistent with GED Reasoning Development Level 1, but *inconsistent* with GED Reasoning Development Level 2") (emphasis in original).   The Court, of course, need not weigh in on this matter here, and even if Plaintiff had raised the issue, the Court would note that the job of floor waxer has a reasoning level of 1 – requiring application of "commonsense understanding to carry out simple one- or two-step instructions" and dealing with "standardized situations with occasional or no variables in or from these situations encountered on the job" – which is clearly compatible with a limitation to "1 or 2 step instructions."

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

What Plaintiff is ***actually*** arguing is that the fact that "the jobs under review cannot be performed by someone limited to only 1 to 2 step tasks and instructions is obvious from the face of the description of each job found in the DOT." (Doc. No. 14, p.5). She itemizes all of the various duties performed by someone in each of the three positions and argues that each of these duties represents a separate step in a multi-step process. Again, while novel, this argument has no support from the language of the DOT. For one thing, the DOT itself indicates that a job's definition sets forth "the specific ***tasks*** the worker performs to accomplish the overall job purpose described in the lead statement." DOT, Parts of the Occupational Definition § 5(b) (emphasis added). It does not, therefore, purport to set forth a list of "steps" but rather a list of "tasks." Moreover, in no way does the DOT imply that these tasks are performed sequentially as part of one single operation. The much more reasonable interpretation of a DOT description is that it simply provide examples of the duties performed at various times in that job without any particular insight as to the order in which they are performed or the number of steps involved.

In any event, even if there were a conflict here, the Circuit Court has explained that remand is not necessary in such cases where the ALJ discharged his or her duty to ask the VE whether his or her testimony was consistent with the DOT on the record and where the following factors were met: (1) the claimant did not seriously argue an inability to perform the jobs in question and the record supports a finding that he or she can perform such work; (2) the claimant did not point out the conflict at the hearing; and (3) the challenged jobs were only representative examples. *See Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014). Here, as Plaintiff acknowledges, the ALJ did, in fact, ask the VE if his testimony was consistent with the DOT, and the VE responded that it was. (R. 53). Further, Plaintiff has made no real argument that he could not perform the work of a produce packager, floor waxer, or hand packer, and the ALJ discussed the medical evidence and its impact on Plaintiff's functional capacity. Moreover, Plaintiff did not raise any inconsistencies at the hearing. Finally, the jobs were expressly referred to as representative examples by the ALJ. (R. 23). Accordingly, even if there were a conflict between the VE's testimony and the DOT's description of the relevant jobs, there would be no basis for remanding the case based on this argument.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.